**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1016

PHILLIP ROUSSEAU; CARVEL MAYS, JR.; FRANK MARTIN; PAUL F.
KENDALL,

Plaintiffs - Appellants,

v.

HOWARD COUNTY, MARYLAND; PAUL JOHNSON, Individually and in
his Official Capacity as Deputy County Solicitor; LYNN
ROBESON, Individually and in her Official Capacity as
Assistant County Solicitor; MARSHA S. MCLAUGHLIN,
Individually and in her Official Capacity as Director,
Department of Planning and Zoning; ROBIN REGNER,
Individually and in her Official Capacity as Administrative
Assistant to Hearing Examiner and Board of Appeals; LISA
KENNY, Individually and in her Official Capacity as
Administrative Assistant to the Director, Department of
Planning & Zoning; MICHELE L. LEFAIVRE, Individually and in
her Official Capacity as Board of Appeals Hearing Examiner,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:09-cv-01079-JFM)

Argued:  January 25, 2011          Decided:  April 21, 2011

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Susan Baker Gray, Highland, Maryland, for Appellants. Melissa Shane Whipkey, HOWARD COUNTY OFFICE OF LAW, Ellicott City, Maryland, for Appellees. **ON BRIEF:** Margaret Ann Nolan, County Solicitor, Louis P. Ruzzi, Senior Assistant County Solicitor, HOWARD COUNTY OFFICE OF LAW, Ellicott City, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Four residents and voters ("Residents") of Howard County, Maryland, commenced this action under 42 U.S.C. § 1983 against Howard County and five of its officers in their individual capacities, alleging numerous Fourteenth Amendment due process and equal protection violations with respect to state administrative and judicial proceedings. The district court dismissed the claims, finding that three of the residents had impermissibly split their claims between two cases and that the fourth did not have standing. This appeal followed.

We affirm the judgment of the district court, but we conclude that the district court lacked jurisdiction to hear this case under Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

The Residents allege "numerous due process violations . . . at the hands of various county Board[]s and agencies, and their attorneys and staff" during "the county's administrative review" process. Many of these decisions were in the contexts of proposed development projects and land use. The complaint "challenges these actions, as well as the statutorily prescribed process in which most of these actions occurred as being fundamentally unfair and designed to ensure those participating in these processes will have no chance of being heard." The

3

Residents allege that "each of them suffered harm to a protected interest as a result of the pattern and practice of Howard County to deny them due process in county administrative review and 'appeals' processes by a deliberate failure to follow rules, outright perversion of the process by various means including fraud, misrepresentation and collusion between the county and the developers, and by inherent structural defects in the law preventing any sufficient or legitimate process, let alone, constitutionally adequate due process." They contend that their due process and equal protection rights were violated in the course of many hearings and proceedings, including hearings by the Howard County Board of Appeals and proceedings in Maryland state courts. They characterize their claims as "a challenge to the conduct of administrative proceedings and decisions" at the county level.

On appeal, the Residents argue that the district court erroneously dismissed their claims. With respect to the claims of three Residents, Kendall, Martin, and Rousseau, which were dismissed for claim splitting, they argue that "[t]he series of transactions or core operative facts in [this case] arise from a number of independent administrative hearings, decisions, defective administrative processes in those hearings, or failure to hold administrative hearings or give notice of decisions," none of which they contend were implicated by the related case

4

which arose out of the same transactions.  And they argue with respect to the fourth Resident, Mays, that he had standing because "plaintiffs have standing to bring suit if they allege a diminution of their right to vote."

We do not reach the Residents' arguments, however, because we conclude that the district court lacked jurisdiction to hear this case under the Rooker-Feldman doctrine.  The Residents' complaint asks that lower federal courts in effect exercise appellate review over numerous state administrative and judicial decisions, and under our system of federalism, the lower federal courts lack jurisdiction to sit as appellate tribunals over state administrative and judicial decisionmakers, absent explicit statutory authorization.  See Rooker, 263 U.S. 413; Feldman, 460 U.S. 462; Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2004) (holding that lower federal courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  Parties aggrieved by state administrative and judicial decisions must pursue review in state appellate tribunals, with the ultimate opportunity to petition the Supreme Court of the United States for review.  See Exxon Mobil Corp., 544 U.S. at 291-92.  We note that decisions of the Howard County

5

Planning Board can be appealed to the Howard County Hearing Examiner, with further appeals to the Howard County Board of Appeals and the state court system, beginning with the Circuit Court for Howard County. See, e.g., Howard County Code, Rules of Procedure of the Board of Appeals, § 2.211(e) (providing for appeal from Board of Appeals to Circuit Court for Howard County). Indeed, the Residents acknowledge the existence of this process. They simply contest its sufficiency.

For these reasons, we affirm the district court's judgment of dismissal.

AFFIRMED